UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THERENCE W. CROOKS,

    Plaintiff,

v.                                                         Case No. 3:17cv359/MCR/CJK

JULIE JONES, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Upon review of the complaint, the court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

Plaintiff is an inmate of the Florida penal system currently confined at Santa Rosa Correctional Institution. (Doc. 1). Plaintiff is suing Governor Rick Scott and 16 prison officials with the Florida Department of Corrections (Secretary Jones and officials at Okaloosa CI, Union CI and Santa Rosa CI), claiming that since 2014, they have provided him inadequate mental health treatment, deprived him of state-created liberty interests without due process, and exposed him to various inhumane conditions of confinement in violation of his Eighth Amendment rights. (Doc. 1). As relief, plaintiff seeks declaratory and injunctive relief. (Doc. 1, pp. 1-23 in ECF).

Plaintiff's complaint was signed and provided to prison officials for mailing on May 21, 2017, and was docketed on May 23, 2017. (Doc. 1, p. 17 in ECF).

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). On page three of plaintiff's civil rights complaint form, Section IV(A), Previous Lawsuits, is the following question: "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?" (Doc. 1, p. 4 in ECF). Where are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), plaintiff marked "No", and disclosed no cases. Also on page three of the civil rights complaint form, Section IV(B), Previous Lawsuits, is the following question: "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" (Doc. 1, p. 4 in ECF). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), plaintiff marked "Yes", and disclosed a case he filed in this court in January 2017: *Crooks v. Jones, et al.*, Case No. 3:17cv37/LC/EMT. Plaintiff disclosed no other cases in response to question IV(B).

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 1, p. 5 in ECF). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes", and disclosed the following two cases he filed in this court: *Crooks v. Jones, et al.*, Case No. 3:16cv534/LC/EMT (filed in October 2016), and *Crooks v. Jones, et al*., Case No. 3:17cv174/MCR/CJK (filed in March 2017). (Doc. 1, pp. 5-6 in ECF). Plaintiff disclosed no other cases.

Also on page four of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." (Doc. 1, p. 5 in ECF). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "No", and disclosed no cases. (*Id.*). At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "**I**

*Page 4 of 7*

**DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (Doc. 1, p. 17 in ECF). Thus, plaintiff has in effect stated that at the time he signed and filed his complaint, he had not initiated any other action in federal court that related to the conditions of his confinement.

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. In light of § 1915(g), the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. *See* 28 U.S.C. § 1915(g) (providing that a prisoner who has had three or more cases or appeals dismissed on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted cannot proceed *in forma pauperis* in any future suit he files as a prisoner, unless he is under imminent danger of serious physical injury). The information obtained from the disclosure requirements also helps the court evaluate whether the action is related to or should be considered in connection with another case, or whether a holding in another case affects the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court takes judicial notice that at the time plaintiff filed his complaint in this case on May 21, 2017, he had initiated an additional prior civil action that required disclosure. On May 16, 2017, plaintiff, while incarcerated at Santa Rosa Correctional Institution, signed and filed a civil rights action in this court against Secretary Jones and 19 prison officials at Santa Rosa CI, claiming they were depriving him of adequate medical care, using excessive force on him, retaliating against him, and allowing prison guards improper access to his protected health information, in violation of the First, Eighth and Fourteenth Amendments and HIPPA. *See Crooks v. Jones, et al.*, Case No. 3:17cv350/LC/EMT. Plaintiff provided the complaint to prison officials for mailing on May 16, 2017, (*id.* at doc. 1, p. 17 in ECF), and it was docketed on May 18, 2017, just prior to plaintiff's signing and filing his present complaint. The prior case may be positively identified as having been filed by plaintiff because it bears his name and Florida Department of Corrections Inmate Number, P38032. Plaintiff did not disclose this prior civil action despite the complaint form's clear instructions that all prior cases must be disclosed.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the

statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1, p. 4 in ECF). If plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The court should not allow plaintiff's false response to go unpunished. An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED WITHOUT PREJUDICE as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for plaintiff's abuse of the judicial process.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 3rd day of July, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.